UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| John P. Naiden, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 303cv0608 (AVC) |
| Ecolab Inc., | ) **PRO SE PLAINTIFF'S** |
| Defendant. | ) **MEMORANDUM IN OPPOSITION TO** |
| | ) **DEFENDANT'S MOTION TO DISMISS** |

NOW COMES pro se plaintiff JOHN P. NAIDEN, and respectfully submits this Memorandum in Opposition to Defendant's Motion to Dismiss with exhibit.

Defendant Ecolab, Inc. ("Ecolab"), discriminated against Mr. Naiden by wrongfully demoting him because of his age. Ecolab physically injured Mr. Naiden by forcing him into a position defendant actually knew, or reasonably should have known, would physically harm Mr. Naiden, which it did, and gravely so. Finally, Ecolab intentionally or negligently caused Mr. Naiden severe emotional distress by physically injuring him.

Defendant has moved this Court to dismiss all four of Mr. Naiden's claims pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), alleging, inter alia: the Court lacks jurisdiction over the age discrimination claim because it was not timely brought; no allegations of "extreme and outrageous conduct" were made sufficient to maintain the intentional infliction of emotional distress claim; claims for negligent infliction of emotional distress in the workplace context are limited to wrongful conduct in the termination process; and Connecticut's Workers'

**ORAL ARGUMENT NOT REQUESTED**

Compensation Act "exclusivity" provisions foreclose any physical injury claims. However, this Court has jurisdiction because Mr. Naiden's age discrimination claim in his writ was timely delivered to a Connecticut Marshall and processed. Mr. Naiden has chronicled defendant behavior sufficiently "extreme and outrageous" to support his infliction of emotional distress claims. Indeed, Mr. Naiden believes a robust discovery period will only further illuminate Ecolab's extreme malfeasance. Finally, Connecticut's Workers' Compensation Act does not bar claims based on ***intentional*** employer conduct – Mr. Naiden's injuries were no accident. Mr. Naiden's said claims must, therefore, survive defendant's Rule 12 motion.

### I. MR. NAIDEN'S AGE DISCRIMINATION CLAIM WAS TIMELY BROUGHT.

Connecticut statutes direct that no claim is lost if the state marshal receives the process and serves it within fifteen days. General Statues section 52-593a. Connecticut cases likewise hold that attempted service, not actual service, commences an action. Crichton v. Noore, 29 Conn. L. Rptr. 459; Ahnert v. Tanguay, 22 Conn. L. Rptr. 180 (same). Section 52-593a of the Connecticut General Statutes is entitled "Right of action not lost where process served after statutory period. When.", and indicates, inter alia:

> (a) ...[A] cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal authorized to serve the process and the process is served, as provided by law, within fifteen days of the delivery.

General Statues section 52-593a. Thus, in Connecticut, no cause of action is lost because of passage of limiting time, if process is personally delivered to a state marshal, and the marshal lawfully serves it within fifteen days. Id. Connecticut courts have applied this "extension" or "savings" statute many times. See, e.g., Beavers v. Thermer, 2002 Conn. Super. LEXIS 255 (Conn. Super Ct. 2002) (claim NOT TIME BARRED where papers given to marshal before

expiration of statute of limitations); Sidor v. Guilford Planning & Zoning, 1992 Conn. Super. LEXIS 3446 (Conn. Super. Ct. 1992) (jurisdiction PROPER because process was in sheriff's hands within time limit); and Zarillo v. Peck, 33 Conn.Supp. 676 (Conn. Super. Ct. 1976) (deliverance to serving officer by mail SUFFICIENT).

In this matter, Mr. Naiden's complaint was timely delivered to a marshal, who lawfully served it on the defendant within fifteen days. Mr. Naiden received a release of jurisdiction from the Connecticut Commission on Human Rights and Opportunities on or about November 26, 2002. Verified Complaint at paragraph 6. Mr. Naiden's complaint was (personally) delivered to Connecticut Deputy Marshall Alphonse J. Paolillo on February 24, 2003. See Paolillo Affidavit at paragraph 2 and endorsed return of service, attached hereto as Exhibit A. Deputy Marshall Paolillo processed and completed service of Mr. Naiden's complaint on or about March 11, 2003. Id. at paragraph 4. Thus, Mr. Naiden's age discrimination claim was timely brought under Connecticut law. Defendant's Rule 12(b)(1) motion must fail.

### II.   MR. NAIDEN ALLEGED CONDUCT BY DEFENDANT SUFFICIENTLY EXTREME AND OUTRAGOUS TO SUPPORT HIS INFLICTION OF EMOTIONAL DISTRESS CLAIMS.

In Connecticut, infliction of emotional distress claims are ""reserved for conduct that exceeds all bounds tolerated by a decent society and of a nature which is especially calculated to cause emotional distress of a very serious kind."" Hill v. Meta Group, 62 F.Supp.2d 639, 643 (D. Conn. 1999), citing DeLaurentis v. New Haven, 220 Conn. 225 (1991), and Petyan v. Ellis, 2000 Conn. 243, 254 n. 5 (1986). Defendant advances the proposition that age discriminatory acts do not rise to the level of "outrageous conduct" calculated to cause severe distress. However, Mr. Naiden is not claiming that defendant's age discriminatory conduct alone caused him emotional distress. Rather, Mr. Naiden alleges that Ecolab intentionally physically injured

him by forcing him into a physically demanding job it actually knew, or reasonably should have known, would disable him. Verified Complaint at pages 8 - 11.[1] Such conduct alone is sufficiently extreme and outrageous to be actionable. Merely because this conduct is also actionable as age discrimination cannot immunize defendant from basic tort liability.

Defendant also advances the proposition that in Connecticut negligent infliction of emotional distress by employers is only actionable for conduct in the termination process. While this may or may not be true, defendant again misunderstands Mr. Naiden's claims. Defendant reasonably should have known that its conduct of physically injuring Mr. Naiden (by forcing him into an extremely physically demanding position it knew, or should have known, would injure Mr. Naiden) would cause him emotional distress. Such conduct, and the outrageous and flagrant way defendant undertook it, see id. at pages 8 – 11 and paragraphs 22 – 24, is sufficiently extreme and outrageous to support Mr. Naiden's negligence-based claim. Again, merely because defendant undertook these acts within the employer-employee relationship cannot provide defendant a back-door from which to escape liability. Defendant's Rule 12(b)(6) motion must fail.

### III.    DEFENDANT'S INTENTIONAL INJURIES OF MR. NAIDEN ARE NOT BARRED BY WORKERS' COMPENSATION LAW.

An employer's intentional injuries to an employee are not barred by the Workers' Compensation Act. In Suarez v. Dickmont Plastics Corp., 229 Conn. 99 (1994), the Connecticut Supreme Court recognized that intentional workplace injuries could constitute a narrow exception to the Act's "exclusivity" provisions. Indeed, the Act itself indicates, inter alia, "[a]n employer…shall not be liable for any action for damages on account of personal injury sustained

---

[1] If the Court believes Mr. Naiden's allegations in this or any other claim to be insufficient, Mr. Naiden can re-allege them with more specificity pursuant to Fed.R.Civ.P. 15(a). If the Court so holds, Mr. Naiden respectfully

by an employee *arising out of and in the course of his employment*," if the employer complies with the Act's requirements. General Statues section 31-284 ("Basic Rights and Liabilities.") (Emphasis added.) The Act defines "*arising out of and in the course of his employment*" as follows:

> an *accidental injury* happening to an employee…originating while the employee has been engaged in the line of the employee's duty in the business or affairs of the employer upon the employer's premises, or while engaged elsewhere upon the employer's business or affairs by the direction, express or implied, of the employer,

Id. at 31-275(1). (Emphasis added.) Thus, it is express in the Act that *accidental injuries* alone, and *not intentional ones*, are foreclosed. Id.

Mr. Naiden's claims that defendant knew, or reasonably should have known, that its forcing Mr. Naiden into a very physically demanding position would physically injure him. Verified Complaint at pages 8 through 11. The injuries Mr. Naiden received at defendant's hands were not accidental at all, but rather were intentional. Thus, Connecticut's Workers' Compensation Act will not bar Mr. Naiden's physical injury claim. Defendant's Rule 12(b)(6) motion on this claim must also fail.

    \*                \*                \*

WHEREFORE, pro se plaintiff JOHN P. NAIDEN respectfully requests this court to deny defendant's motion to dismiss and grant any other relief it deems just and equitable.

_____
JOHN P. NAIDEN, pro se plaintiff

---

requests the court to: (i) provide him an opportunity to amend the complaint within a reasonable time period, and (ii) condition any Rule 12 relief on a failure to do so.

## CERTIFICATE OF SERVICE

I sent a copy of Memorandum in Opposition to Defendant's Motion to Dismiss with exhibit by First Class, U.S. Mail on October 24, 2003, to:

>Tasos C. Paindiris
>Jackson Lewis LLP
>55 Farmington Ave., Suite 1200
>Hartford, CT  06105

_____
JOHN P. NALDEN, pro se plaintiff

A

STATE OF CONNECTICUT
            : ss   NORTH HAVEN     October 8, 2003
COUNTY OF NEW HAVEN

I the undersigned, ALPHONSE J. PAOLILLO, A DEPUTY MARSHALL in and for the County of New Haven, and State of Connecticut do hereby depose and say;

1. I am over the age of eighteen years, and understand the obligations of an oath;

2. That on February 24, 2003, a writ dated February 19, 2003 was delivered to me in which John P. Naiden was the Plaintiff and Eco-Lab, Inc was the Defendant;

4 That I processed said writ for service and completed the service on or about March 11, 2003 by serving a true and attested copy of said Writ Summons and Complaint upon the defendant via Certified Mail, Return Receipt Requested.

5. Service was affected within the time prescribed by statute after which a writ is delivered to me for service.

Signed, sealed, and delivered in the presence of:

_____         _____
Michelle Rein                Alphonse Paolillo

William V. Gambardella

Subscribed and sworn to before me this 8th day of October, 2003

_____
William V. Gambardella
Commissioner of the Superior Court

STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.state.ct.us

RECEIVED
MAR 17 2003
JAMES R. ROLLWAGEN

**"X" ONE OF THE FOLLOWING:**
Amount, legal interest or property in demand, exclusive of interest and costs is:
- [ ] less than $2,500
- [ ] $2,500 through $14,999.99
- [x] $15,000 or more

("X" if applicable)
- [ ] Claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer: BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

JUDICIAL DISTRICT / HOUSING SESSION — AT (Town in which writ is returnable) HARTFORD CONNECTICUT

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED: 95 WASHINGTON ST, HARTFORD CONN 06106

RETURN DATE: JUN 17 2003

CASE TYPE: Major T Minor

TELEPHONE NO: 860-548-2700

| PARTIES | NAME AND ADDRESS OF EACH PARTY | PTY NO. |
|---|---|---|
| FIRST NAMED PLAINTIFF | NAIDEN, JOHN P. 89 PORTICO DR, WEST HAVEN CONN 06516 | 01 |
| FIRST NAMED DEFENDANT | ECOLAB INC. 370 WABASHA ST, NORTH ST. PAUL, MINN 55102 | 02 |

**NOTICE TO EACH DEFENDANT**

YOU ARE BEING SUED.
This paper is a Summons in a lawsuit.
The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
If you or your attorney do not file a written "Appearance" form on time, judgment may be entered against you by default.

6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

SIGNED: [signature] 1/15/03

TYPE IN NAME OF PERSON SIGNING AT LEFT: LEE KENNEDY

DATE SIGNED: 3/17/2003

A TRUE COPY
ATTEST
[signature] Alphonso Padilla
State Marshal