UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN P. NAIDEN, | : | |
| Plaintiff, | : | CIVIL NO. 3:03CV0608(AVC) |
| | : | |
| v. | : | |
| | : | |
| ECOLAB, INC., | : | NOVEMBER 7, 2003 |
| Defendant. | : | |
| | : | |

## DEFENDANT'S MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

On August 8, 2003 Defendant, Ecolab Inc., moved to dismiss all four Counts of the above captioned Complaint filed by pro se Plaintiff, John Naiden. Plaintiff requested and was granted a 60 day stay of proceedings while he sought counsel. Plaintiff did not retain counsel and filed his opposition to Defendant's motion on or about October 24, 2003.

Defendant moved to dismiss the first count on the grounds that Plaintiff has not brought this action within 90 days of receiving a release of jurisdiction from the Connecticut Commission on Human Rights and Opportunities as required by Connecticut General Statutes Section 46a-101(e). Count two should be dismissed because even taking Plaintiff's allegations as true, he has not presented allegations of "extreme and outrageous conduct" necessary to maintain a claim for intentional infliction of emotional distress. Count three similarly fails in that claims for negligent infliction of emotional distress are limited to wrongful conduct in the termination process. Finally, Plaintiff's claim in count four for an alleged "physical injury" is barred by the exclusivity provisions of the Connecticut Workers' Compensation Act.

**I.      COUNT ONE OF THE COMPLAINT MUST BE DISMISSED BECAUSE IT WAS NOT TIMELY AND IT WAS NOT PROPERLY SERVED.**

Defendant moves to dismiss Plaintiff's claims for age discrimination because they were not brought within 90 days of his receipt of the release of jurisdiction from the CCHRO. Connecticut General Statutes Section 46a-101(e) states that "any action brought by the complainant in accordance with section 46a-100 shall be brought within ninety days of the receipt of the release from the commission." Conn. Gen. Stat. §46a-101(e). Plaintiff states he received a release of jurisdiction from the Connecticut Commission on Human Rights and Opportunities on or about November 26, 2003. (Opposition at p. 3). He further states that he delivered the Complaint to a deputy marshal on February 24, 2003, the 90th day after his receipt of the release of jurisdiction. (Opposition at p. 3). The marshal then states that he served the complaint upon Defendant by certified mail on or about March 11, 2003, 15 days after Plaintiff allegedly delivered the Complaint to him. (Opposition at p. 3; Paolillo Affidavit at ¶4).

Plaintiff relies on Connecticut's "savings" statute, which provides that a right of action is not lost when the complaint is delivered to a state marshal within the statutory time period and the marshal serves the Complaint within 15 days thereafter. Conn. Gen. Stat. §52-593a. (Opposition at 2). However, the information Plaintiff provides in his Opposition and in the marshal's affidavit demonstrates that the Complaint was not timely served, nor was it properly served in accordance with the statutory requirements.

**A.      Plaintiff Failed to Serve Defendant's Agent for Service of Process in Accordance With the Requirements of Connecticut Statutes Sections 52-57 and 33-663.**

Connecticut General Statutes Sections 52-57 and 33-663 govern the service of process on private corporations. The statutes mandate that the designated agent for service of process must be served to properly commence a cause of action. It is only if no such agent is

designated or if the agent cannot be served that the statutes permit service by certified mail. Conn. Gen. Stat. §52-57; Conn. Gen. Stat. §33-663.  Plaintiff thus failed to comply with the service provisions of the statutes and the Complaint must be dismissed.

Connecticut General Statutes Section 52-57 states, in relevant part:

(c) In actions against a private corporation, service of process shall be made either upon the president . . . [or other specified agent] resident in this state, or the person in charge of the business of the corporation . . . .  *In actions against a private corporation established under the laws of any other state, . . . service of process may be made upon any of the aforesaid officers or agents, or upon the agent of the corporation appointed pursuant to section 33-922.*

Conn. Gen. Stat. §52-57. (Emphasis added).

General Statutes Section 33-663 states, in pertinent part:

(a) A corporation's registered agent is the corporation's agent for service of process, notice or demand required or permitted by law to be served on the corporation.  Service may be effected by any proper officer or other person lawfully empowered to make service by leaving a true and attested copy of the process . . . with such agent . . . .

(b) If a corporation *has no registered agent, or the agent cannot with reasonable diligence be served*, the corporation may be served by any proper officer or other person lawfully empowered to make service by sending a true and attested copy of the process . . . by registered or certified mail, return receipt requested, addressed to the secretary of the corporation at its principal office.  Service is effective under this subsection at the earliest of: (1) The date the corporation receives the mail; (2) the date shown on the return receipt, if signed on behalf of the corporation; or (3) five days after its deposit in the United States mail, as evidenced by the postmark, if mailed postage prepaid and properly addressed.

Conn. Gen. Stat. §33-663. (Emphasis added).

As stated in Plaintiff's Opposition and in the marshal's affidavit, the Complaint was served by certified mail, however, there is no indication whatsoever that Plaintiff attempted with reasonable diligence to serve Defendant's statutory agent for service of process in

Connecticut. Defendant's designated agent for service in Connecticut is CT Corporation System, One Commercial Plaza, Hartford Connecticut. (Affidavit of James Rollwagen, ¶3). Pursuant to Conn. Gen. Stat. §33-663, the corporation may be served by certified mail only if the marshal has used reasonable diligence to serve the agent in hand or by abode service, but has been unable to do so. Conn. Gen. Stat. §33-663.

In Madigosky v. Baxter Health Care, Superior Court, JD of Waterbury, Docket No. 130936 (May 3, 1996)[1], the Court granted defendant's motion to dismiss for plaintiff's failure to serve process in accordance with the statutory requirements. The defendant in Madigosky designated CT Corporation System as its agent for service, however, the sheriff served the complaint by sending it certified mail to the company's California office and to the Connecticut Secretary of State. The Court noted "the sheriff's return does not indicate that any effort was made to serve the designated agent for service of process" and held that "when a person upon whom service is to be made is designated by statute, service upon any other person as a purported representative is inadequate." Id. at 4317 (quoting Nelson v. Stop & Shop Companies, 25 Conn. App. 637, 641 (1991) (citing Tarnopol v. Connecticut Sitting Council, 212 Conn. 157, 561 A.2d 931 (1989))). "The service of process failed to comply with the mandates of General Statutes §52-57, thereby depriving this court of personal jurisdiction over the defendant." Id.[2]

Plaintiff failed to act with reasonable diligence to serve prior to resorting to service by mail and he has therefore failed to satisfy the statutory requirements for service on a

---

[1] All unreported decisions are attached hereto as Exhibit 1.
[2] Compare Harris Memorial Church v. Bridgeport Redevelopment Agency, Superior Court, J.D. of Fairfield at Bridgeport, Docket No. 370421, at 15786-87 (Dec. 21, 2000) (denying motion to dismiss where marshal's return indicated that he was unable to locate any of the enumerated officers of a church that was a domestic corporation because the church was boarded up and it had moved to a different location); Auto Body Assn. v. Southwest Appraisal, Superior Court, J.D. of Fairfield at Bridgeport, Docket No. CV01-0386169, at 2851 (Mar. 6, 2002) (marshal's actions in going to agent's address and attempting to occupant in order to serve in hand or by abode service before resorting to the alternate form of service by mail constitutes reasonable diligence under the statute.)

corporation. <u>Nardella v. Norwich Inn & Spa</u>, Superior Court, J.D. of New Haven at New Haven,

Docket No. CV99-0421516, at 12655 (Sep. 17, 1999) (Motion to dismiss granted where "the

evidence submitted by the plaintiff does not reveal that service was attempted pursuant to §33-

663(b)."). In <u>Nardella</u>, the plaintiff argued that the Court should determine whether defendant

received fair notice, and consider that defendant never rejected service and filed an appearance.

The court dismissed those arguments, stating that "when a statute prescribes how service is to be

made, compliance with the statute is required for personal jurisdiction even where the defendant

has actual notice of the summons and complaint." <u>Id.</u> at 12655.

**B.**     <u>**Plaintiff Cannot Invoke the "Savings" Statute Because He Did Not Meet all of the Statutory Requirements.**</u>

     **1.**     <u>**Plaintiff Failed to Served the Complaint Within 15 Days After it was Delivered to the Marshal**</u>

Even if Plaintiff properly served Defendant, the "savings" statute on which

Plaintiff relies requires that the Complaint be served on Defendant within 15 days after it is

delivered to the marshal. Conn. Gen. Stat. §52-593(a). Plaintiff claims that he provided the

Complaint the marshal on February 24, 2003, the 90th day after his receipt of the release of

jurisdiction from the Commission on Human Rights and Opportunities. He further claims that

the marshal "completed the service on or about March 11, 2003 by serving [the complaint] upon

the defendant via Certified Mail, Return Receipt Requested." (Paolillo Affidavit at ¶4).

Defendant, however, has no record of having received the Complaint before March 17, 2003.

(Affidavit of James Rollwagen, ¶2).

Plaintiff's Opposition and the affidavit attached thereto do not indicate (1) the

date defendant received the mail; (2) the date shown on the return receipt, if signed on behalf of

defendant; or (3) the date the Complaint was deposited in the mail. This information is

necessary to determine Plaintiff's compliance with the Statute. Pursuant to Conn. Gen. Stat.

§33-663, service is effective at the earliest of: (1) the date the corporation receives the mail; (2) the date shown on the return receipt, if signed on behalf of the corporation; or (3) five days after its deposit in the United States mail, as evidenced by the postmark, if mailed postage prepaid and properly addressed. Id.  As such, Plaintiff fails to provide sufficient information to the Court to conclude that service was effected within 15 days after Plaintiff delivered the complaint to the marshal, and Plaintiff therefore cannot avail himself of the "savings" statute.  Defendant maintains that it did not receive the Complaint until March 17, 2003, and that Plaintiff therefore did not effect service within 15 days.

### 2.        The Marshal Did Not Properly Endorse the Return.

The "savings" statute also requires that to the extent a party seeks to invoke its provisions, "the state marshal making service shall endorse under oath on such state marshal's return the date of delivery of the process to such state marshal for service in accordance with this section." Conn. Gen. Stat. §52-593a(b).  The marshal endorsed the date March 11, 2003 on the return of service. (See Return of Service attached to Plaintiff's Opposition).  The marshal's affidavit, however, states that Plaintiff delivered the Complaint to him on February 24, 2003. Thus, to the extent the marshal's affidavit is true, Plaintiff and the marshal did not comply with the requirements of §52-593a(b) because the date the Complaint was allegedly served, not the date it was delivered to the marshal, is recorded on the return.  If the affidavit is incorrect, and the March 11 date on the return is in fact the date Plaintiff delivered the Complaint to the marshal, the Complaint is untimely.  In either scenario, Plaintiff has not complied with the requirements of §52-593a and the "savings" provisions cannot apply.[3]

---

[3] In Connelly v. Cosgrove, Superior Court, J.D. of Hartford at Hartford, Docket No. CV98-0578000 (Apr. 27, 1999), the Court dismissed the Complaint where the pro se plaintiff mailed the complaint to defendant's office.  The Court noted that "the plaintiff's pro se status does not obviate the necessity of proceeding in full conformity with statutory and procedural requirements.  Although we allow pro se litigants some latitude, the right of self-representation

## II.  PLAINTIFF FAILS TO PRESENT ALLEGATIONS OF "EXTREME AND OUTRAGEOUS CONDUCT" NECESSARY TO MAINTAIN A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

In his Opposition Plaintiff claims that he satisfies the elements for a claim of intentional infliction of emotional distress by pleading that Defendant discriminated against him on the basis of his age *and* that Defendant intentionally physically injured him by demoting him to a more physically demanding job. (Opposition at pp. 3-4).  To the extent Plaintiff now claims his emotional distress arises out of his physical injury after the demotion, the claim is precluded by the exclusivity provisions of the Connecticut Workers' Compensation Act. Conn. Gen. Stat. §31-284(a).  Driscoll v. General Nutrition Corp., 252 Conn. 215, 752 A.2d 1069 (2000) (in a claim for mental or emotional impairment arising from a physical injury that occurred at work plaintiff's recovery is limited to receipt of workers' compensation).

Plaintiff does not allege any conduct that is "extreme or outrageous" for purposes of establishing a claim of intentional infliction of emotional distress.  "In attempting to state a cause of action for intentional infliction of emotional distress, it has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." Dixon v. Yale Univ., Superior Court, J.D. of New Haven, Docket No. 396723, (Aug. 4, 1999), at p. 4 (Attached as Exhibit 4 to Defendant's Memorandum in Support of Motion to Dismiss) (Internal citations and quotation marks omitted).

Defendant cites numerous cases in its Memorandum holding that allegations such as Plaintiff's fail, as a matter of law, to constitute "extreme and outrageous" conduct which is a

---

provides no attendant license not to comply with relevant rules of procedural and substantive law." Id. at 4119. (Internal citations and quotation marks omitted).

prerequisite to a claim for intentional infliction of emotional distress. Intentional infliction of emotional distress counts are routinely rejected in age or other discrimination complaints in the employment context. See e.g. Thomas v. Saint Francis Hosp., 990 F. Supp. 81, 91 (D. Conn. 1998), aff'd, 198 F.3d 235 (2d Cir. 1999) (discrimination on the basis of race, religion, and other grounds); Duncan v. Junior Ach., Inc., Docket No. 335878 (Conn. Super. Ct., J.D. Bridgeport, Jan. 27, 2000), at 7 (Attached to Defendant's Memorandum as Exhibit 3) ("the plaintiff's allegations that [the defendant] intentionally inflicted emotional distress because he was wrongfully terminated based on his age fails to rise to the level of extreme and outrageous conduct").

## III.   PLAINTIFF CANNOT MAINTAIN A CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

The third count alleges negligent infliction of emotional distress based on the same conduct alleged in count two. It is well established that a cause of action for negligent infliction of emotional distress may only be maintained where there is "unreasonable conduct *in the termination process*." Parsons v. United Technologies Corp., 243 Conn. 66, 88 (1997) (Emphasis added). "A plaintiff cannot base such a claim on the fact of termination alone, even if that termination was wrongful." Zoldak v. Tacala, Inc., No. 3:98CV1565(CFD), 2000 U.S. Dist. LEXIS 21621 at *22-23 (D. Conn. Sept. 27, 2000) (Attached to Defendant's Memorandum as Exhibit 5) (Internal quotation marks and citations omitted).

In Perodeau v. Hartford, 259 Conn. 729, 792 A.2d 752 (2002), the court held that an employer "may not be found liable for negligent infliction of emotional distress arising out of conduct occurring within a continuing employment context, as distinguished from conduct occurring in the termination of employment." Id. at 762-63. Plaintiff's allegations thus cannot satisfy the elements of a negligent infliction of emotional distress claim. In fact, Plaintiff

concedes this point in his Opposition, and argues instead that "merely because defendant undertook these acts within the employer-employee relationship cannot provide defendant a back-door from which to escape liability." (Opposition at p. 4). Despite Plaintiff's disagreement with these decisions, the Courts have in fact established that "acts within the employer-employee relationship" cannot form the basis for this claim and count three should be dismissed. Perodeau, 259 Conn. at 762-63.

## IV.  PLAINTIFF'S CLAIM FOR "PHYSICAL INJURY" IN COUNT FOUR IS PRECLUDED BY THE EXCLUSIVITY PROVISIONS OF THE CONNECTICUT WORKERS' COMPENSATION ACT.

It is well established that a claim for physical injury arising out of the course of employment is precluded by the exclusivity provisions of the Connecticut Workers' Compensation Act. Conn. Gen. Stat. §31-284(a). Count Four of the Complaint alleges that Defendant's "actions of purposely demoting [plaintiff] while knowing [he] would become permanently disabled constitute a physical injury to [him], at the very least a negligent, but probably an intentional tort." (Complaint, Count Four, ¶31). These allegations are clearly an attempt to bring a tort action for physical injury arising out of the course of employment and the claim should be dismissed because it is barred in its entirety by the exclusivity provisions of the Connecticut Workers' Compensation Act. Plaintiff argues that the Court should apply the exception to the Act's exclusivity provisions set forth in the Connecticut Supreme Court's decision in Suarez v. Dickman, 229 Conn. 99, 639 A.2d 507 (1994). This requires that a plaintiff prove either that the employer actually intended to injure the plaintiff or that the employer created a dangerous condition that made the plaintiff's injuries substantially certain to occur. Id.

Applying the Court's holding in Suarez does not permit Plaintiff to circumvent the exclusivity provisions of the Act. In Pocevic v. Connecticut Distributors, Superior Court, J.D. of Fairfield at Bridgeport, Docket No. CV-98-0357030S (Jan. 16, 2003), the Court

dismissed a claim for intentional injury against an employer where the employee pled that he was injured by a fall "as a result of the intentional acts or omissions of the Defendant." Id. at 1563. "While the plaintiff alleges intentional acts or omissions on the part of the defendants, 'the use of the word 'intent' in allegations is not a talisman that can change the allegations into colorable claims of true intentional torts.'" Id. (quoting Mingachos v. CBS, Inc., 196 Conn. 91, 101-102, 487 A.2d 514 (1986)). "A high risk of probability of harm is not equivalent to the substantial certainty without which an actor cannot be said to intend the harm in which his acts result." Id. (citing Mingachos, supra). As in Pocevic, Plaintiff's complaint fails to assert, or to provide facts to support, a claim that Defendant desired the consequences of its acts, or that Defendant knew that the consequences were substantially certain to occur. Plaintiff's Complaint alleges age discrimination and a demotion to a position he claims was more physically demanding which resulted in injury to him. These are certainly not the kinds of allegations that the Courts should permit to proceed outside of the workers' compensation system.

## V.    CONCLUSION

For all of the foregoing reasons, all four counts of Plaintiff's Complaint should be dismissed.

DEFENDANT,
ECOLAB INC.


By:    _____
Tasos C. Paindiris (ct 16739)
Margaret J. Strange (ct 08212)
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT  06105
Tel. (860) 522-0404
Fax. (860) 247-1330
paindirt@jacksonlewis.com

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by certified mail, postage prepaid, on this ___ day of November, 2003, to the following:


John P. Naiden, pro se
89 Beatrice Drive
West Haven, CT 06516

Certified Mail No. _____


_____
Tasos C. Paindiris

H:\Client Folder\E\ECOLAB\Naiden\COURT\Pled\Motion to Dismiss-Reply.doc