UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2003 NOV 21  P 12: 02

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| John P. Naiden, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 303cv0608 (AVC) |
| Ecolab Inc., | ) PRO SE PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY MEMORANDUM ON ITS MOTION TO DISMISS |
| Defendant. | ) |

**NOW COMES** pro se plaintiff JOHN P. NAIDEN, and respectfully submits this Sur-Reply to Defendant's Reply Memorandum on Defendant's Motion to Dismiss (hereinafter "Reply Brief").

Defendant Ecolab, Inc., discriminated against Mr. Naiden by wrongfully demoting him because of his age. Ecolab physically injured Mr. Naiden by forcing him into a position defendant actually knew *with substantial certainty*, or reasonably should have known, would physically harm Mr. Naiden, which it did. Finally, Ecolab intentionally or negligently caused Mr. Naiden severe emotional distress by physically injuring him.

In its Reply Brief, defendant argues: (i) Mr. Naiden failed to timely and properly serve it; (ii) that Mr. Naiden's intentional tort claims are barred by Connecticut's Workers' Compensation Act; and (iii) that his negligence based claims are limited to the termination context. Mr. Naiden fully complied with Connecticut's service requirements and time limits, and he has plead sufficient facts to support his claims in exception to the

1

Workers' Compensation Act's exclusivity provisions. Mr. Naiden was effectively terminated by defendant. Moreover, negligent infliction claims based on all acts within an ongoing employment relationship should not be immunized. Defendant's motion should be denied.

## I.  JURISDICTION IS PROPER IN THIS COURT BECAUSE MR. NAIDEN TIMELY AND PROPERLY SERVED DEFENDANT.

Defendant's motion to dismiss should be denied because Mr. Naiden timely delivered the summons and complaint to a state marshal who timely served same on defendant. Defendant argues that once a private corporation has designated an agent, service of the corporation can be made only on that agent. Reply Brief at p. 2. However, Connecticut statutes clearly indicate the contrary, and defendant supports its argument with bad and off-point caselaw. Defendant also argues the Connecticut "savings" statute[1] was not followed because the complaint was not received within the time limit and the marshal did not properly endorse his return. Reply Brief at pp. 5-6. Yet Connecticut statutes (again) and cases contradict defendant's argument. The marshal mailed the process within the time limit and properly endorsed and clarified his return. Defendant's motion cannot be granted.

### A. Connecticut Does Not Require Service on a Designated Agent Once One Has Been Appointed.

Defendant argues that Connecticut General Statutes "mandate that the designated agent for service of process must be served to properly commence a cause of action." Defendant's Reply Brief at p. 2. The statutes do no such thing. The pertinent service provisions are permissive, and not mandatory as defendant would have this Court believe.

2

The statute contains no mandatory ranking or ordering of the various methods specified for service on foreign private corporations. Indeed, were it as defendant suggests, once an agent was designated, the corporation could only be served via that agent and not, say, by personal service on an officer such as the president. The legislature could not have intended such an unreasonable and ridiculous result.

Section 52-57(c) of Title 52 – Civil Actions of the statute, quoted by defendant, indicates as follows:

> (c) In actions against a private corporation established under the laws of any other state,...service of process *may* be made upon any of the aforesaid officers or agents, or upon the agent of the corporation appointed pursuant to section 33.922.

Conn. Gen. Stat. Section 52-57(c). (Emphasis added.)

This language is permissive and not mandatory. Nothing in this section, or any other section in the Title for that matter, requires service to be made upon a designated agent once one is appointed.

Defendant also quotes a portion of Title 33 – Corporations in support of its argument. However, this part of the statute is *expressly* permissive, and not mandatory, in recounting the methods of service. The section quoted by defendant indicates as follows:

> (b) If a corporation has no registered agent, or the agent cannot with reasonable diligence be served, the corporation may be served...by registered or certified mail, return receipt requested, addressed to the secretary of the corporation at its principal office....

Conn. Gen. Stat. Section 33-663(b). Defendant fails to quote the remaining portion of the section, which is highly relevant to this issue:

---

[1] General Statutes Section 52-593a.

*(c) This section does not prescribe the only means, or necessarily the required means, of serving a corporation.*

Conn. Gen. Stat. Section 33-663(c). (Emphasis added.) The very section of the statute defendant relies on for its argument expressly indicates that it does not prescribe the only or mandatory means of serving a corporation. If the legislature intended the designated agent to be the only or required means of service, they would have indicated so in subsection (b), e.g., with the term *shall*, and they would not have included subsection (c), which defendant tellingly left out of its brief.

Defendant's reliance on the unpublished decision in Madigosky v. Baxter Health Care, Superior Court JD of Waterbury, Docket No. 130936 (May 3, 1996), is misplaced. The court's holding in Madigosky relies completely on General Statutes Section 33-411, which was repealed effective January 1, 1997. Conn. Gen. Stat. Sections 33-405-412, 33-663.[2] Thus, Madigosky is no longer good law.

Defendant's reliance on the unpublished decision in Nardella v. Norwich Inn & Spa, Superior Court, J.D. of New Haven at New Haven, 199 Conn. Super. LEXIS 2541, * (1999), is also misplaced. While Nardella does involve a defendant allegedly behaving in bad faith by mis-naming and changing its designated agent multiple times in an effort to thwart service, id. at *11, the holding rests (i) on plaintiff's failure to serve the correct agent and (ii) expressly on the "availability of alternative means of service." Id. at *9-

---

[2] The cases of Nelson v. Stop & Shop Companies, 25 Conn. App. 637 (1991) and Tarnopol v. Connecticut Sitting Council, 212 Conn. 157 (1989), quoted by the court in Madigosky, are also inapposite to the present matter. Defendant quotes Nelson as follows: "[W]hen a person upon whom service is to be made is designated by statute, service upon any other person as a purported representative is inadequate." 25 Conn. App. at 641, citing Tarnopol, 212 Conn. at 164. In Nelson, the court found service improper because the individual served (a grocery store manager) was not an officer or manager of the corporation. 25 Conn. App. 641-642. Defendant's quotation from Nelson bears on who qualifies as a person listed in the statute ('president, vice-president, ...secretary, ...*manager*'), and not on whether a designated agent is the person required to be served under the statute. In Tarnapol, the improper service was from an appeal of an

4

*13. The <u>Nardella</u> plaintiff could have served a corporate officer rather than the designated agent, <u>id</u>., which it allegedly failed to do because of defendant's dirty tricks. Thus, <u>Nardella</u> does not stand for the proposition for which defendant cites it. See Reply Brief at p. 4.[3] In strong contrast in the present matter, Mr. Naiden did serve the correct person.

### B. Mr. Naiden Served Defendant Within the Prescribed Time Limits.

Defendant argues Mr. Naiden failed to comply with Connecticut's time limits for service. Reply Brief at pp. 5-6. The facts contradict this assertion. Under Connecticut's "savings" statute, no cause of action is lost because of passage of limiting time, if process is personally delivered to a state marshal, and the marshal lawfully serves it within fifteen days. General Statutes Section 52-593a.[4] On February 24, 2003, Deputy Marshal Paolillo received the summons and complaint which he mailed (certified, return receipt requested) to defendant on March 11, 2003, fifteen days after receiving same. Paolillo Affidavit at paragraphs 2 and 4 [sic]. These acts occurred within the time limits of the savings statute.

---

administrative agency decision, for which the language of the service statute was mandatory, not permissive as in this matter. 212 Conn. at 161. Thus, Both cases are inapplicable here.
[3] Defendant cites <u>Nardella</u> for the following proposition: "Plaintiff failed to act with reasonable diligence to serve prior to resorting to service by mail and he has therefore failed to satisfy the statutory requirements for service on a corporation." Reply Brief at p. 4. <u>Nardella</u> found service improper expressly because of the availability of other means of service. 199 Conn. Super. LEXIS 2541 at *9. There is no mention of "reasonable diligence," other than implicitly by plaintiff's attempts at serving designated agents defendant repeatedly changed and mis-named.
[4] The "savings" statute indicates: "(a) ...[A] cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal authorized to serve the process and the process is served, as provided by law, within fifteen days of the delivery." General Statutes section 52-593a.

Timely mailing constitutes service of process as provided by law, under General Statutes Section 33-663(b).[5] Defendant quotes the ultimate sentence in this subsection for the proposition that service is ***complete*** on the earliest of, <u>inter alia</u>, (i) the corporation's receipt of the mail, (ii) the date shown on the return receipt, or (iii) five days after deposit into the mail. Reply Brief at pp. 5-6.

However, by its own language, the section relied on by defendant is not the only or required means for serving a corporation. Subsection (c) of this section indicates as follows:

> ***(c) This section does not prescribe the only means, or necessarily the required means, of serving a corporation.***

Conn. Gen. Stat. Section 33-663(c). (Emphasis added.) Moreover, in 1997, the legislature changed the verb in the sentence quoted by defendant from "perfected," meaning "completed," to "effective." General Statutes Section 33-663. By the express wording of the statute, and the legislature's amendment to conform the wording of the sentence relied on by defendant, service is permissive and can be had in multiple ways.

This recognizes the long-standing practice in Connecticut that service is "effective" when process is given to a marshal. <u>Beavers v. Thermer</u>, 2002 Conn. Super. LEXIS 255 (Conn. Super Ct. 2002) (claim NOT TIME BARRED where papers given to marshal before expiration of statute of limitations); <u>Sidor v. Guilford Planning & Zoning</u>, 1992 Conn. Super. LEXIS 3446 (Conn. Super. Ct. 1992) (jurisdiction PROPER because

---

[5] General Statutes section 33-663(b) indicates in its entirety: "(b) If a corporation has no registered agent, or the agent cannot with reasonable diligence be served, the corporation may be served by any proper officer or other person lawfully empowered to make service by sending a true and attested copy of the process, notice or demand by registered or certified mail, return receipt requested, addressed to the secretary of the corporation at its principal office. Service is effective under this subsection at the earliest of: (1) The date the corporation receives the mail; (2) the date shown on the return receipt, if signed on behalf of the corporation; or (3) five days after its deposit in the United States mail, as evidenced by the postmark, if mailed postage prepaid and correctly addressed.'

6

process was in sheriff's hands within time limit); and <u>Zarillo v. Peck</u>, 33 Conn. Supp. 676 (Conn. Super. Ct. 1976) (deliverance to serving officer by mail SUFFICIENT). Mr. Naiden timely served defendant by giving the marshal the process and the marshal mailing it to defendant, all within the time limits prescribed by the legislature.

### C. The Marshal Properly Endorsed His Return of Service.

Defendant argues the Connecticut "savings" statute should not apply because the marshal did not indicate on his return the date the process was delivered to him. Reply Brief at p. 6. However, it is clear that a return may be amended and/or supplemented by affidavit of the marshal. <u>Holness v. Gray</u>, 2002 Conn. Super. LEXIS 1379 (2002); <u>Uygur v. S.E. Minor & Co.</u>, 2002 Conn. Super. LEXIS 3980 (2002). Marshal Paolillo indicates at paragraph 2 in his affidavit that the process was delivered to him on February 24, 2003. Thus, the savings statute should apply. Defendant's motion to dismiss should be denied.

### II.   THE EXCEPTION TO THE EXCLUSIVITY PROVISIONS OF THE WORKERS' COMPENSATION ACT APPLIES TO MR. NAIDEN'S CLAIMS.

Defendant argues Mr. Naiden's physical injury and intentional infliction of emotional distress claims are barred by Connecticut's Workers' Compensation Act. Reply brief at pp. 7-10. Mr. Naiden has already responded to these arguments in his Objection to defendant's motion. Mr. Naiden has also plead sufficient facts in his complaint to make out claims for "physical injury" and intentional and/or negligent infliction of emotional distress. <u>See</u> Verified Complaint at paragraphs 22-26, 29, and 30.

These plead facts are sufficient to notify defendant and to support Mr. Naiden's claims that defendant knew, or reasonably should have known, *with substantial certainty*

that its acts of forcing Mr. Naiden into a physically demanding position would physically injure him.[6] Such acts by defendant would be substantially certain to inflict emotional distress on Mr. Naiden, not to mention his wife.[7] Thus, the exclusivity provisions cannot bar Mr. Naiden's claims. General Statutes Sections 31-284, 31-275; Suarez v. Dickmont Plastics Corp., 229 Conn. 99 (1994) (EXCEPTION to exclusivity provisions for intentional workplace injuries). Defendant's motion to dismiss these claims should be denied.

### III. Negligent Infliction of Emotional Distress Claims Should Be Cognizable in an Ongoing Employment Context Where the Complained-of Acts Are Beyond the Scope of Employment.

Defendant argues it is well established that claims for negligent infliction of emotional distress in the employment context are limited to events occurring in the termination process, citing the recent case of Perodeau v. City of Hartford, et al., 259 Conn. 729 (2002). Reply Brief at pp. 8-9. The Perodeau court considered as a matter of first impression, however, whether such claims are available in the ongoing employment context, 259 Conn. at 754, noting several Connecticut cases outside the termination process. Id. at 753. The court limited "negligent infliction" claims to the termination process, finding public policy outweighs the interests of persons in the workplace (as opposed to those leaving the workplace via termination) in being compensated for their

---

[6] If the Court believes Mr. Naiden's allegations in this or any other claim to be insufficient, Mr. Naiden can re-allege them with more specificity pursuant to Fed.R.Civ.P. 15(a). If the Court so holds, Mr. Naiden respectfully requests the court to: (i) provide him an opportunity to amend the complaint within a reasonable time period, and (ii) condition any Rule 12 relief on a failure to do so.

[7] Mrs. Naiden is filing suit imminently against defendant for intentional and negligent infliction of emotional distress caused her as an immediate bystander and witness to defendant's acts of physical injury to Mr. Naiden and their effects.

emotional injuries. Id. at 758. The Perodeau limitation, however, should not apply to Mr. Naiden's claims.

First, Mr. Naiden has been permanently disabled by defendant's physical injury of him. Mr. Naiden can never return to the workplace because of defendant's acts, and, thus, he has effectively been terminated. See Verified Complaint at paragraphs 22-26, 29, and 30.

Second, defendant's acts that injured Mr. Naiden were well outside the scope of his employment relationship, and thus do not at all implicate the public policy concerns on which the Perodeau court rested its analysis. Id.; 259 Conn. at 756-759. Indeed, the emotional injuries sustained by Mr. Naiden were caused by a very different class of acts than those foreseeably and even egregiously causing "legitimate emotional injuries [ that would] go uncompensated, [because] the social costs of allowing such claims would outweigh the social benefits." Id. at 759. Mr. Naiden is not claiming emotional distress from, e.g., negative performance evaluations, verbal harassment, or harsh words from his superior. Rather, Mr. Naiden is claiming defendant purposely and wantonly planned to physically incapacitate him for the rest of his life.

This Court should not allow defendant to wield Perodeau as a shield to protect it from emotional liability stemming from *any and all* acts of an employer merely because they were not undertaken in the termination context. The Perodeau public policy analysis should not be viewed so broadly. Rather, it should cover only those acts, and even egregious ones, reasonably foreseeable in employment. Defendant's motion to dismiss this claim should be denied.

\*                               \*                               \*

**WHEREFORE**, pro se plaintiff JOHN P. NAIDEN respectfully requests this court to deny defendant's motion to dismiss and grant any other relief it deems just and equitable.

_____
JOHN P. NAIDEN, pro se plaintiff

66 Route 313 West
Arlington, Vermont
05250
(802) 375-9765

## **CERTIFICATE OF SERVICE**

I sent a copy of Pro Se Plaintiff's Sur-Reply to Defendant's Reply Memorandum on its Motion to Dismiss by First Class, U.S. Mail on November 20, 2003, to:

>Tasos C. Paindiris
>Jackson Lewis LLP
>55 Farmington Ave., Suite 1200
>Hartford, CT 06105

_____
JOHN P. NAIDEN, pro se plaintiff