UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| JOHN P. NAIDEN, | : | |
| Plaintiff, | : | CIVIL NO. 3:03CV0608(AVC) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ECOLAB, INC., | : | DECEMBER _4_, 2003 |
| Defendant. | : | |
| | : | |

---

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 26(e), a conference was held on November 21, 2003. The participants were:

John P. Naiden, pro se Plaintiff; and

Tasos C. Paindiris for Defendant.

## I.    CERTIFICATION

The undersigned pro se Plaintiff and counsel for Defendant certify that, after consultation with their client, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certifies that he has forwarded a copy of this report to his client.

## II.    JURISDICTION

### A.    Subject Matter Jurisdiction.

Plaintiff contends this Court has jurisdiction pursuant to the Connecticut Fair Employment Practices Act, Connecticut General Statutes Sections 46a-51 et. seq.,  Title VII of the Civil Rights Act of 1964 which is Title 42 U.S.C. Sections 2000e et. seq., and the Age Discrimination in Employment Act, 29 U.S.C. Sections 623, 28 U.S.C. Sections 1331; and 28 U.S.C. Sections 1367.  On or about June 28, 2001, pro se Plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities alleging defendant had engaged in unlawful discriminatory practices relating to pro se Plaintiff's employment on account of his age.

Defendant denies the Court has jurisdiction over Plaintiff's age discrimination claims because he has not brought it within 90 days of his receipt of the release of jurisdiction from the Connecticut Commission on Human Rights and Opportunities.  Defendant's Motion to Dismiss is pending.

### B.    Personal Jurisdiction.

Plaintiff contends there is personal jurisdiction in this matter.   Defendant's Motion to Dismiss is pending.

## III.    BRIEF DESCRIPTION OF CASE

### A.    Claims of Plaintiff.

Pro se plaintiff John Naiden currently makes claims of age discrimination, tortious physical injury, and tortious infliction of emotional distress.  Defendant discriminated against Mr. Naiden by wrongfully demoting him because of his age.  Defendant physically injured Mr. Naiden by forcing him into a position defendant actually knew *with substantial certainty,* or reasonably should have known, would physically harm Mr. Naiden, which it did.

2

Finally, Defendant intentionally or negligently caused Mr. Naiden severe emotional distress by physically injuring him. Plaintiff seeks monetary damages and injunctive relief to prevent Defendant from undertaking this activity ever again. Because of Defendant's injuries of Mr. Naiden, he cannot be returned to his position.

**B.     Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant.**

The Complaint alleges claims for age discrimination (Count One); intentional infliction of emotional distress (Count Two); negligent infliction of emotional distress (Count Three); and for alleged physical injuries arising out of his demotion at work (Count Four). Defendant denies the allegations in Plaintiff's Complaint and contends that Plaintiff was in no way discriminated against or mistreated. Defendant's Motion to Dismiss all counts of the Complaint is currently pending. Defendant moves to dismiss the first count on the grounds that Plaintiff has not brought this action within 90 days of receiving a release of jurisdiction from the Connecticut Commission on Human Rights and Opportunities as required by Connecticut General Statutes Section 46a-101(e). Count two is deficient because Plaintiff has not presented allegations of "extreme and outrageous conduct" necessary to maintain a claim for intentional infliction of emotional distress. Count three similarly fails in that claims for negligent infliction of emotional distress are limited to wrongful conduct in the termination process. Plaintiff does not even allege that he was terminated nor does he allege any wrongful conduct that would constitute negligent infliction of emotional distress. Finally, Plaintiff's claim in count four for an alleged "physical injury" is barred by the exclusivity provisions of the Connecticut Workers' Compensation Act.

3

C.      **Defenses and Claims of Third Party Defendant/s:**

Pro se plaintiff John Naiden has not yet named any third party defendants.

IV.    **STATEMENT OF UNDISPUTED FACTS**

The parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

A.      Defendant is EcoLab Inc. headquartered at 370 Wabasha Street, St. Paul, MN 55102. Ecolab is a global developer and marketer of cleaning, sanitizing, pest elimination, maintenance and repair products and services for the hospitality, institutional and industrial markets.

B.      Mr. Naiden began his employment with Ecolab in December 1978 as a territory manager in training in Hartford, Connecticut for the Institutional Division. .

C.      Until January 1999, the Hartford district was aligned with the New England area and Plaintiff reported to the Assistant Vice President of Sales whose office was in the Boston area. In January 1999, the Hartford district was realigned with the New York area and Wayne Moeller, ~~Assistant~~ Assistant Vice President of Sales, assumed responsibility as Plaintiff's supervisor.

D.      On November 27, 2000, Mr. Moeller met with Mr. Naiden and advised him that effective December 1, 2000, Mr. Naiden was to be demoted from district manager to territory manager.

E.      Plaintiff was informed that his demotion was based on his performance.

4

V.     **CASE MANAGEMENT PLAN**

    A.     **Standing Order on Scheduling in Civil Cases**

        The Parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

    B.     **Scheduling Conference with the Court**

        The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

    C.     **Early Settlement Conference**

        1.     The Parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

        2.     The Plaintiff requests an early settlement conference with a Magistrate Judge.  Defendant does not request a settlement conference at this time.

        3.     The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    D.     **Joinder of Parties and Amendment of Pleadings**

        1.     (a)     Plaintiff requests until February 21, 2004, to file motions to join additional parties and until after discovery is completed, on July 21, 2004, to file motions to amend the pleadings.

        (b)     Defendant requests that Plaintiff be allowed until December 31, 2003 to file motions to join additional parties and to amend the pleadings.

        2.     Defendant requests until 30 days after Plaintiff to file motions to join additional parties.

E.    **Discovery**

1.    (a)    Plaintiff anticipates that discovery will be needed on the following subjects: each element of every claim and defense, Defendant's conduct during the pertinent times, defendant's pattern and history of age discrimination, and pro se Plaintiff's supervisor's history and pattern of discriminatory and tortious conduct in the workplace.

(b)    Defendant contends that Plaintiff's discovery is overbroad and immaterial. Defendant anticipates that discovery will be needed on the following subjects:

(1)    all subjects and issues fairly arising out of the claims of Plaintiff's complaint;

(2)    all subjects and issues fairly arising out of Defendant's defenses to Plaintiff's claims;

(3)    Plaintiff's employment history and performance while employed with Defendant;

(4)    Plaintiff's job duties and responsibilities;

(5)    Plaintiff's alleged injury and medical history; and

(6)    All other damages alleged in the Complaint.

2.    (a)    Plaintiff requests that all discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P. 26(b)(4) commence by January 5, 2004.

(b)    Defendant requests that all discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) commence by December 1, 2003.

The parties propose that all discovery be completed (not propounded) by September 5, 2004.

3.    Discovery will not be conducted in phases.

4.    There are currently no issues for early discovery.

6

5.     Plaintiff anticipates a total of three to six depositions of fact witnesses. Defendant currently anticipates three depositions of fact witnesses. The Parties reserve the right to modify the number of depositions required depending on joinder of additional parties and/or claims. The depositions will be completed by the last day of discovery.

6.     (a)     Plaintiff currently requests permission to serve more than 25 interrogatories.

(b)     Defendant objects to more than 25 interrogatories at this time.

7.     (a)     Plaintiff intends to call expert witnesses at trial. Plaintiff requests to designate all trial experts and provide opposing counsel with reports from retained experts to Fed.R.Civ. P. 26(a)(2) by December 21, 2004. Depositions of such experts will be completed by July 21, 2004.

(b)     Defendant requests that Plaintiff be required to designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by three months prior to the close of discovery. Depositions of any such experts will be completed by one month prior to the close of discovery.

8.     Defendant intends to call expert witnesses at trial. Defendant requests to designate all trial experts and provide Plaintiff with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by one month prior to the close of discovery. Depositions of such experts will be completed by the close of discovery.

9.     (a)     Plaintiff requests that a damages analysis be provided by any party who has a claim or counterclaim for damages by October 21, 2004.

7

(b)     Defendant requests that a damages analysis will be provided by any party who has a claim or counterclaim for damages by three months prior to the close of discovery.

**F.     Dispositive Motions**

Dispositive motions will be filed on or before sixty (60) days after the close of discovery.

**G.     Joint Trial Memorandum**

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by sixty (60) days after the Court's Order on the last dispositive motion.  If dispositive motions are not filed, the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by sixty (60) days after the deadline for filing dispositive motions.

**VI.     TRIAL READINESS**

The case will be ready for trial by thirty (30) days after the filing of the Joint Trial Memorandum.

The undersigned agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

8

PLAINTIFF
JOHN P. NAIDEN

By: _____
    John P. Naiden, pro se
    66 Route 313 West
    Arlington, VT 05250
    Tel: (802) 375-9765

DEFENDANT,
ECOLAB INC.

By: _____
    Tasos C. Paindiris (ct 16739)
    Margaret J. Strange (ct 08212)
    Jackson Lewis LLP
    55 Farmington Avenue, Suite 1200
    Hartford, CT 06105
    Tel. (860) 522-0404
    Fax. (860) 247-1330
    E-mail: PaindirT@jacksonlewis.com

## **CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on this 4th day of December, 2003, to the following:

John P. Naiden, pro se
66 Route 313 West
Arlington, VT 05250


_____
Tasos C. Paindiris

10